United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SEAGATE US LLC, | ) | Case No.: C 05-4272 PVT |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANTS CIGNA AND LINA'S MOTION TO DISMISS** |
| v. | ) ) | |
| CIGNA CORPORATION; LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Defendants. | ) ) | |

On April 18, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on defendants CIGNA Corporation ("CIGNA") and Life Insurance Company of North America's ("LINA") (collectively "Defendants") Motion to Dismiss. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants CIGNA and LINA's Motion to Dismiss is DENIED as discussed below. [1]

## I.      BACKGROUND

On October 20, 2005, Plaintiff Seagate US LLC ("Seagate") filed this action alleging Defendants' failed to recognize valid "Change in Beneficiary" notices. Plaintiff sent a "Change in

_____

[1]      The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Beneficiary" notice via electronic communication.  Defendants argue that the policy states a change

in beneficiary can only occur with written notice, which they interpret to mean, a non-electronic hard

copy in writing.  Defendants filed a motion to dismiss on February 14, 2006.  Defendants LINA and

CIGNA move this court for an order dismissing the complaint pursuant to Rule 12(b)(6) for failure

to state a claim upon which relief can be granted.  Seperately, defendant CIGNA moves to dismiss

the Complaint on grounds that CIGNA is an improper party to the action pursuant to Rules 12(b)(6)

and 21.

## II.    STANDARD FOR MOTION TO DISMISS

In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the

complaint as true and construe them in the light most favorable to the non-moving party.  *Barron v.*

*Reich*, 13 F.3d 1370, 1374 (9th Cir.1994).   Matters outside the pleadings are not usually

appropriately considered on a motion to dismiss.  *Cassettari v. County of Nevada*, 824 F.2d 735, 737

(9th Cir. 1987).

A cause of action will be dismissed only where there is either "a lack of a cognizable legal

theory" or "the absence of sufficient facts alleged under a cognizable theory."  *Balistreri v. Pacifica*

*Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Generally, a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6) will not be granted unless it appears that plaintiff can prove no set of

facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  It is only

under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  *United States v.*

*City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

## III.    DISCUSSION

At issue are two group life insurance policies (collectively "Policies") issued to Plaintiff by

LINA and CIGNA.  Plaintiff subscribes to the Policies as a benefit to its employees.  Plaintiff seeks

relief for violation of ERISA §§ 404 (a)(1)(A) & 404 (a)(1)(D).  Plaintiff argues that Defendants

have: (1) failed to discharge their duties solely in the interests of the Policies' participants and their

beneficiaries and for the exclusive purpose of providing benefits and defraying the reasonable

expenses of administering the plan in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

and (2) failed to discharge their duties solely in the interests of the participants and their beneficiaries

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  and in accordance with the documents and instruments governing the Policies in violation of ERISA

2  § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

3     **A.     Written Notice May Include Electronic Means**

4      The main issue in the motion is whether the written notice requirement in the "Policies"

5  includes electronic communications.  "Written notice" is not a defined term in the Policies.  The

6  clause at issue in the "Policies" states the following:

7        **Change in Beneficiary**

8        The Insured may change the beneficiary at any time by giving
         **written notice** to the Employer or the Insurance Company.  The

9        beneficiary's consent is not required for this or any other change
         which the Insured may make unless the designation of

10       beneficiary is irrevocable.

11       No change in beneficiary will take effect until the form is
         receive by the Employer or the Insurance Company.  When

12       this form is received, it will take effect as of the date of the
         form.  If the Insured dies before the from is received, the

13       Insurance Company will not be liable for any payment that
         was made before receipt of the form.

14     In support of their motion, Defendants cite to the Electronic Signatures in Global and

15  National Commerce Act which "does not -- (2) require any person to agree to use or accept

16  electronic records or electronic signatures ... ." 15 USC § 7001(b)(2).

17     In its opposition, Plaintiff points to The Electronic Signatures in Global and National

18  Commerce Act[2] which also states:

19       (1) a signature, contract, or other record relating to such transaction
         may not be denied legal effect, validity, or enforceability solely

20       because it is in electronic form; and (2) a contract relating to such
         transaction may not be denied legal effect, validity, or enforceability

21       solely because an electronic signature or electronic record was used in
         its formation.  15 USCS § 7001(a)(1)(2)(2006).

22

23     Plaintiff argues that § 7001(c) states the E-Sign Act extends to consumers and that consumers

24  must affirmatively consent to electronic records.  Plaintiff argues that there are no statutes or case

25  law which requires affirmative consent from entities like defendants CIGNA and LINA, who drafted

26  the Policies.

27  _____

28       [2]  *See Specht v. Netscape Communs. Corp.,* 306 F.3d 17, 27 fn11 (2002) where the court
    stated that the agreement is a 'written provision' despite being provided to users in a downloadable
    electronic form.

1    There are other clauses in the Policies, i.e., in the 'Proof of Loss' section, which states

2  "written notice or any other electronic/telephonic means authorized by the Insurance Company ..."

3  The 'Change in Beneficiary' clause does not have any additional language beyond the phrase

4  "written notice."

5    "Courts will not adopt a strained or absurd interpretation in order to create an ambiguity

6  where non exists." *Reserve Ins. Co. v. Pisciotta,* 30 Cal. 3d 800, 807 (1982).  Also, insurance policy

7  terms will be given their "ordinary and proper" meanings.  Cal. Civ. Code § 1644; *AIU Ins. Co. v.*

8  *Sup. Ct.* 51 Cal. 3d 807, 821-22 (1990).  The interpretation of an insurance policy is a question of

9  law.  *Waller v. Truck Exch., Inc.* 11 Cal. 4th 1, 18 (1995).

10    Defendants argue that the clause for the "Change in Beneficiary" is unambiguous.

11  Defendants argue that written notice means a non-electronic hard copy in writing.  It is a long-

12  established principle of contract construction that insurance policy terms, unless otherwise defined,

13  will be given their "ordinary and popular" meanings. Cal. Civ. Code § 1644; *AIU Ins. Co..,* 290 F.3d

14  1121, 1125 (9th Cir. 2002). ("Under the federal common law of ERISA, we interpret terms in

15  ERISA insurance policies in an ordinary and popular sense as would a person of average intelligence

16  and experience.")

17    Defendants argue that ordinary and popular sense of the word 'written' does not include

18  electronic communications.  Also, Defendants argue that where the "Policies" permit communication

19  by a medium other than writing, it specifies the other means to be used.  Defendants argue that the

20  clause "**written notice or any other electronic/telephonic means authorized by the Insurance**

21  **Company** ..." has two means of communication: (1) 'written notice' or (2) 'electronic/telephonic.'

22  The word 'or' separates the two words and it is logical that both terms (1) and (2) have different

23  meanings.

24    Plaintiff argues that the use of the phrase 'any other' while describing 'electronic/telephonic'

25  means strongly supports the conclusion that 'written notice' by itself includes notice via some type of

26  electronic means.  Plaintiff further argues that Defendants' argument that no policy section defines

27  "written notice" to include electronic designations is flatly contradicted by the plain language of the

28  Policies.  Plaintiff states that there is no language in the "Change in Beneficiary" section that states

that there are additional authorization requirements.  However, in other sections of the contract, ie.

'Proof of Loss,' that authorization is required.  Viewing the plain language of both clauses, Plaintiff

argues it is clear that no authorization of an electronic notification is necessary in the "Change in

Beneficiary" language.

Section 7001(i) states that Congress specifically intended that the E-Sign Act apply to the

"business of insurance." 15. U.S.C. § 7001(i).  Plaintiff argues that though the E-Sign Act does not

require Defendants to accept electronic means in lieu of a writing, the Act mandates that "a

signature, contract, or other record... may not be denied legal effect ... solely because it is in

electronic form." 15 U.S.C.  § 7001(b)(2).

A motion to dismiss is proper where the unambiguous terms of the subject insurance policy

defeat the allegations of plaintiff's complaint.  *Tenopir v. State Farm Mutual Co.,* 403 F.ed 533, 535-

36 (9th Cir. 1968).  However, the phrase at issue is ambiguous in the context of the Policies.

Viewing the Policies' clauses at issue, the 'written notice's' 'ordinary and proper' may be seen to

include an electronic communication.  *See* 15 U.S.C. § 7001(states that "a signature, contract, or

other record ... may not be denied legal effect solely because it is in electronic form).  Also,

comparing the 'written notice' clause to those other clauses that require authorization of other means,

it may be found that the phrase 'written notice' includes electronic communication.  The motion to

dismiss is not the proper vehicle to challenge this case.  The record should be further developed to

determine the meaning of the phrase 'written notice.'  Therefore, the motion to dismiss is DENIED.

**B.**     **Seagate's Plead Facts against CIGNA are Sufficient to Withstand a Motion to**
**Dismiss**

Defendant CIGNA contends that it did not issue the Policies, that it is not named an ERISA

fiduciary, that it does not administer the Policies and that it has no legal relationship to the Policies.

Defendant CIGNA argues that because it is a legal stranger to this dispute, the Complaint fails to

state a claim against it and therefore should be dismissed pursuant to Federal Rules of Civil

Procedure 12(b)(6).

In support of its position, Defendant CIGNA points to *Black v. Unum Life Insurance*, where

summary judgment was granted for the parent company on the grounds that it was an improper party

United States District Court

For the Northern District of California

1  defendant because the subsidiary was the party that controlled the administration of the plan.  *Black*

2  *v. Unum Life Ins. Co. Of Am.,* 324 F. Supp. 2d 206, 215 (D. Me. 2004).

3      Plaintiff contends that the present case is distinguishable from *Black v. Unum Life Insurance.*

4  Plaintiff points out that this motion differs from *Black* because the court found that the Rule 12 stage

5  was not the proper time to challenge the case and  "it appears that a viable claim may yet be made

6  out against [the parent company]."  *See Black v. UnumProvident Corp.,* 2003 LEXIS U.S. Dist.

7  11446 at 5, 7-10 (D. Me. 2003) (where the Magistrate Judge recommended that the trial judge deny

8  the motion to dismiss because Black sufficiently plead to withstand the motion to dismiss.).[3]

9      Defendant CIGNA further points to *Terry v. Bayer* in the First Circuit.  *Terry v. Bayer Corp.,*

10  145 F.3d 28, 36 (1st Cir. 1998).  This case is inapplicable here.   First, *Terry* is distinguishable on its

11  facts.  Second, *Terry* involves a motion for summary judgment where the court examined a whole

12  factual record.  This instant action has yet developed a record.  "When a federal court reviews the

13  sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its

14  task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but

15  whether the claimant is entitled to offer evidence to support the claims." *Swierkiwewicz v. Sorema*

16  *N.A.,* 534 U.S. 506, 511 (2002)(citations omitted).

17      Since Plaintiff has alleged that Defendant CIGNA appears on the face of the policies, it is

18  enough to withstand a motion to dismiss.  *See, e.g.,* Ex. B., last page (policy is underwritten by: Life

19  Insurance Company of North America, A CIGNA Company.)  Plaintiff has sufficiently plead

20  defendant CIGNA as a proper party to this dispute, and therefore the Motion to Dismiss defendant

21  CIGNA on the grounds that it is an improper party is DENIED.

22

23

24

25

26

---

27      [3]      The Magistrate Judge who recommended denying the motion to dismiss stated that "it

28  is my view that a summary judgment record should be developed and that the case against UnumProvident should not be dismissed out of hand." *Black v. UnumProvident Corp.,* 2003 LEXIS U.S. Dist. 11446 at 9.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1

**IV.   CONCLUSION**

2       Plaintiff has sufficiently plead its claims against both defendants LINA and CIGNA.

3  Accordingly, Defendants' Motion to Dismiss is DENIED.

4

5  Dated:  *4/21/2006*

Patricia V. Trumbull
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28